United States District Court
Middle District of Florida
Tampa Division

**MICHAEL M. HOWARD,**

    *Plaintiff,*

v.                                                              **NO. 8:18-cv-2004-T-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Michael Howard brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Commissioner of Social Security denying his applications for benefits. Howard raises one meritorious issue, which pares down to whether the ALJ breached the duty that applies when a vocational expert's ("VE's") testimony appears to conflict with the Dictionary of Occupational Titles ("DOT").[1]

An ALJ has an affirmative duty to (1) identify any apparent conflict between a VE's testimony and the DOT, (2) ask the VE about the conflict, and (3) explain in the decision resolution of the conflict. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018). A conflict is apparent if a reasonable comparison of a VE's testimony with the DOT suggests a discrepancy, even if further investigation shows no discrepancy. *Id.* If the ALJ breaches that duty and relies on the VE's testimony for a finding the claimant can perform jobs in the national economy, reversal and remand is warranted for lack of substantial evidence. *Id.* at 1366–67.

At the administrative hearing here, the ALJ asked a VE about a hypothetical person whose limitations include the ability to understand, remember, and carry out

---

[1]Summaries of the law and the administrative record are in the ALJ's decision, Tr. 11–26, and the parties' briefs, Docs. 17, 20, and not fully repeated here.

only simple instructions. Tr. 294. The VE identified three jobs the hypothetical person could perform and opined that testimony is consistent with the DOT. Tr. 294–95, 297. In the decision, the ALJ included the limitation in Howard's residual functional capacity ("RFC") and found, based on the VE's testimony, Howard could perform those jobs. Tr. 20–21.

The DOT assigns jobs a reasoning level, with one the lowest and six the highest. DOT, App'x C, 1991 WL 688702 (4th ed. rev'd 1991). Level one requires an employee to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* Level two requires an employee to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* Level three requires an employee to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

Two of the jobs the VE identified require reasoning level two, and the third job, reasoning level three. *See* DOT 209.587-034, 1991 WL 671802 (marker; reasoning level two); DOT 369.682-018, 1991 WL 673072 (folder; reasoning level two); DOT 209.687-026, 1991 WL 671813 (mail clerk; reasoning level three).

Considering reasoning level two, two circuit courts have held there is no apparent conflict between an ability to understand, remember, and carry out only simple instructions and a requirement to apply a commonsense understanding to carry out detailed but uninvolved written or oral instructions. *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Ranstrom v. Colvin*, 622 F. App'x 687, 688–89 (9th Cir. 2015). One circuit court has held there is, using the same apparent-conflict standard that applies in the Eleventh Circuit. *See Thomas v. Berryhill*, 916 F.3d 307, 313–14 (4th Cir. 2019).

As the latter circuit court held, there is an apparent conflict between an ability to understand, remember, and carry out only simple instructions and a requirement to apply a commonsense understanding to carry out detailed but uninvolved written or oral instructions. *See Thomas*, 916 F.3d at 313–14. A common meaning of "detailed" is "marked by abundant detail." Merriam-Webster Online, www.merriam-webster.com (last visited Sept. 25, 2019). A common meaning of "involved" is "marked by extreme and often needless or excessive complexity." *Id.* A common meaning of "uninvolved" is "not involved." *Id.* Put simply, a worker who can understand, remember, and carry out only simple instructions may not be able to carry out detailed instructions (instructions marked by abundant detail), even if they are uninvolved (not marked by extreme and often needless or excessive complexity), at least suggesting a discrepancy between the VE's testimony and the DOT.

The same follows on level-three reasoning. There is an apparent conflict between the ability to understand, remember, and carry out only simple instructions and a requirement to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations. With no limitation on complexity for the latter requirement, a conflict is apparent. *Keller v. Berryhill*, 754 F. App'x 193, 198 (4th Cir. 2018).

The ALJ did not identify the apparent conflicts, ask the VE about the apparent conflicts, or explain the apparent conflicts, thus breaching the duty requiring him to do so. *See generally* Tr. 291–97. Because the ALJ relied on the VE's testimony to find Howard can perform jobs in the national economy, reversal and remand is warranted. *See Washington*, 906 F.3d at 1366–67; *accord Moorman v. Berryhill*, No. 5:17-cv-112-Oc-DNF, 2018 WL 4520352, at *5–6 (M.D. Fla. Sept. 21, 2018) (unpublished); *Langway v. Berryhill*, No. 8:18-cv-549-T-30CPT, 2019 WL 918958, at *4 (M.D. Fla. Feb. 8, 2019) (unpublished) (same), *report and recommendation adopted*, 2019 WL 913283 (unpublished).

3

The Commissioner asks the Court to follow the circuit courts that have held there is no apparent conflict between an ability to understand, remember, and carry out only simple instructions and a requirement to apply a commonsense understanding to carry out detailed but uninvolved written or oral instructions. Doc. 20 at 9–10 (citing *Moore*, 623 F.3d at 604, and *Ranstrom*, 622 F. App'x at 688–89). Finding those cases unpersuasive, the Court declines the request.

The Commissioner presses two Eleventh Circuit cases holding there is no apparent conflict between the ability to do "simple routine work" or "simple tasks" and the requirements for reasoning levels two and three. Doc. 20 at 10 (citing *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869 (11th Cir. 2016), and *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 795–96 (11th Cir. 2011)). The cases are nonbinding because they are unpublished and unpersuasive here because they do not involve a limitation to simple instructions.[2]

The Commissioner observes that Howard has identified no evidence showing he could not do the jobs identified by the VE due to his limitations to "simple tasks." Doc. 20 at 11. (The Court presumes the Commissioner meant "simple instructions.") The Commissioner must prove a claimant can perform jobs in the national economy before the burden shifts to the claimant to prove he cannot do those jobs. *Washington*, 906 F.3d at 1359. Because the Commissioner did not meet his burden here, the burden never shifted to Howard.

Howard adds another reason the ALJ should not have relied on the VE's testimony. Doc. 17 at 5–7. The VE testified the hypothetical person could do the three jobs with the limitation of no-more-than-occasional interaction with supervisors—a limitation later included in the RFC. Tr. 294–95. Asked by the ALJ if that opinion would change if the limitation was changed to "never," the VE testified, "[T]he

---

[2]The Commissioner also cites *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005). *Hackett* likewise is unpersuasive here because it involved a limitation to simple, routine tasks, not to simple instructions.

4

limitation of never supervisors is very limiting in the national economy. ... A person has to at least be able to work with a supervisor at the occasional level." Tr. 296. Asked by Howard's lawyer if that opinion would change if the limitation was changed to "an inability to more than occasional supervisors, coworkers, or general public," the VE testified, "Well, it really does. A person has to have at least occasional ability for supervisory contact. ... [A] person has to be able to receive constructive criticism. Sometimes supervisors just blow it up for the day and want to work with their employees. The limitation in that regard would really describe a sheltered or an accommodated work space, which is not the way work is generally performed." Tr. 297.

Howard argues the VE's testimony is "internally inconsistent," contending testimony a person must be able to work with a supervisor at least occasionally "certainly seems" to contradict testimony "a supervisor may spend a day" with a subordinate, and at-least-occasional differs from no-more-than occasional. Doc. 17 at 6–7. The argument is without merit. Context shows "blow it up for the day" does not mean "spend a day," and context further shows the VE did not intend a difference between at-least-occasional and no-more-than occasional.

The decision is **vacated**. The case is **remanded** to ask the VE about the apparent conflict between the VE's testimony and the DOT, to explain resolution of the conflict, and to take any other necessary action. The clerk is **directed** to: (1) enter judgment for Michael M. Howard and against the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g); and (2) close the file.

**Ordered** in Jacksonville, Florida, on September 27, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record