United States District Court
Middle District of Florida
Tampa Division

**MICHAEL M. HOWARD,**

    *Plaintiff,*

v.                                                         No. 8:18-cv-2004-T-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Earlier in the case, the Court reversed the Commissioner of Social Security's denial of Michael Howard's applications for disability insurance benefits and supplemental security income and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 21, 22. He now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, $3612.31 in attorney's fees. Doc. 23. He states that the Commissioner opposes the request, Doc. 23 at 2, 5, but the Commissioner filed no response in opposition, and the time to do so has passed.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the

judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must allege the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if alleged, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Howard prevailed because the Court ordered a sentence-four remand. Docs. 21, 22. His December 13, 2019, request, Doc. 23, is timely because he made it within thirty days of when the Court's September 27, 2019, judgment, Doc. 22, became final. He represents that his net worth did not exceed $2 million when he filed the case, Doc. 23 at 2, and the Court accepts the representation. His motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 23 at 1, and the Commissioner has not tried to satisfy his burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Howard is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" about reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Howard is represented by Martin J. Cohen, Esquire. According to an affidavit by Cohen, he devotes 90 percent of his practice to social-security cases, his customary hourly rate for non-contingent cases is $125, and the prevailing non-contingent hourly rate in Tampa Bay where his firm is located and where he filed the case is

between $100 and $350. Doc. 23 at 5–6. Records of The Florida Bar indicate Cohen has been a member since 2002. *See* "Find a Lawyer" on www.floridabar.org.

Howard submits an "Itemization of Services Rendered" from Cohen's firm. Doc. 23-1. Cohen spent 18.5 hours on the case between July 2018 and September 2019. Doc. 23-1. The itemization shows the tasks Cohen performed and the time he took to perform them. Tasks included preparing the complaint, corresponding with Howard, reviewing the administrative record, and preparing the brief. Doc. 23-1. The administrative record is more than 900 pages. Docs. 14–14-16.

Howard's $3612.31 request is based on the total time (18.5 hours) multiplied by $195.26. Doc. 23 at 2–3. The $195.26 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the 2017 average using the Consumer Price Index. Doc. 23 at 2–3.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the information provided and the Court's own knowledge and expertise, the Court finds the market rate in Tampa for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when Cohen performed his work. The $195.26 rate that Howard proposes for Cohen's work is appropriate (and slightly lower than the $202.32 rate Cohen could have sought for work in 2018 and the $202.08 rate he could have sought for work in 2019). *See* U.S. Dept. of Labor, Bureau of Labor Stats., CPI Inflation Calculator https://www.bls.gov/data/inflation_calculator.htm (last visited December 30, 2019).

4

On the reasonableness of the hours, none of the work appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 23-1. The number of hours is reasonable.

Using the number of hours (18.5) and requested rate ($195.26), attorney's fees of $3612.31 are reasonable.

Because Howard is eligible and the attorney's fees are reasonable, the Court grants the motion for EAJA fees, Doc. 23; awards him $3612.31 in attorney's fees; and directs the Clerk of Court to enter judgment for Michael Howard and against the Commissioner in the amount of $3612.31 in attorney's fees. The Court leaves to the Commissioner's discretion whether to accept Howard's assignment of EAJA fees to Cohen after determining if Howard owes a federal debt. *See* Doc. 23 at 3, 6; Doc. 23-2.

**Ordered** in Jacksonville, Florida, on January 2, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record